Friday,
November 26.

Hopkins v. Myers and Others.—On appeal.

HOPKINS filed a bill in chancery praying, *inter alia*, for an injunction to stay proceedings in an action of 'ejectment which was then pending, and which was brought on .the demise of *Samuel Hannah* for a town-lot.

The bill states that *Hugh Hannah* sold to *James Myers* the lot in question, giving him a bond conditioned to make a deed for the lot on payment of the purchase-money; that said *James* having taken possession of the lot under the purchase and made valuable improvements thereon, sold the same to the complainant, and agreed to assign to him said title-bond, the consideration of the latter sale to be paid in certain notes; that said *James* afterwards, to deceive his creditors, assigned, without objection by the complainant, said bond to *George Myers* who agreed, on the delivery to him of said notes, to assign the bond to the complainant; that the complainant tendered the notes to *George Myers*, who failed to perform his promise; and that said *George*, who had combined with said *James* and *Hugh* and *Samuel Hannah* to cheat the complainant, delivered up the bond to the *Hannahs*, they having notice of the complainant's equity.

The bill further states that said *Hugh*, before his execution of said bond, had, without consideration and to defraud his creditors, mortgaged said lot to said *Samuel;* and that the latter, at a sale under a decree of foreclosure of the mortgage, purchased the lot for the former, paying nothing therefor.

*Held*, that no sufficient ground' for the injunction was shown by the bill.